# CARLISLE v. WILSON, Judge, et al.

## No. 10605.

Court of Civil Appeals of Texas. Galveston.

March 4, 1937.

B. C. Johnson, of Houston, for relator.

M. S. McCorquodale, of Houston, for respondents.

GRAVES, Justice.

As presented here, this is an original application by W. J. Carlisle, as next friend of Ella Joe Carlisle, for mandamus against officers of the Sixty-First district court of Harris county, that is, Honorables Ben F. Wilson, J. W. Mills, and T. N. Watkins, the district judge, the district clerk, and the official court reporter, respectively, seeking to be permitted to prosecute an appeal without the payment of or the giving of security for costs in a judgment adverse to her, rendered by that district court in cause No. 226111, styled Ella Joe Carlisle, by W. J. Carlisle, Next Friend, v. J. Weingarten, Inc., upon the docket of that court, all being pursuant to R.S. art. 2266, as amended by Acts 1931, c. 134, § 1 (Vernon's Ann.Civ.St. art. 2266); to that end, as next friend, he also filed an affidavit in this court, as he likewise did in the trial court, of both his own and her inability to pay such costs, or any part thereof, or to give security therefor, and prays as follows against the named officers: "Wherefore, relator prays that said respondents be cited to answer this petition, and that upon a hearing of this cause relator have judgment compelling and requiring the Hon. Ben F. Wilson, Judge of the 61st District Court, to allow prosecution of such appeal upon the affidavit so filed; and requiring J. W. Mills, District Clerk, to properly prepare and furnish to relator's attorneys a transcript of the record in such cause; and requiring T. N. Watkins, Court Reporter for the 61st District Court, to prepare and furnish to relator's attorneys a transcript of the evidence introduced upon the trial thereof, all without prepayment, or payment, of the cost, or any part thereof, in said cause No. 226,111 upon such appeal; and that relator recover of respondents, jointly and severally, all costs in this behalf expended."

The record filed here with the application shows that, in an effort to comply with the statutory procedure referred to, as recited supra, a like affidavit had been first filed with the district clerk named, which in due time had been contested both by him and by the defendant in that cause, J. Weingarten, Inc.; that, after trying the matter out on full pleadings and evidence for both parties, the respondent district judge sustained such contests in this judgment;

"Came on to be heard before me on this 6th day of February, 1937, the affidavit of W. J. Carlisle that he owns no money or property, or any interest therein out of which to pay, or secure, the costs of an appeal in this case, and the contesting affidavits of the defendant and of the clerk of court, and W. J. Carlisle demurred orally to the affidavits of the defendant and the clerk of court, and the Court overruled said oral demurrer, to which the plaintiff excepted in open court; and the affidavit of W. J. Carlisle, and said contesting affidavits, were heard and considered by the Court; and evidence was heard and considered as to the ability of plaintiff to pay the costs, or some part thereof, of appeal herein;

"And it appearing to the Court that W. J. Carlisle has a regular income of from Seventeen and 50/100 Dollars ($17.50) to Twenty Three Dollars ($23.00) per week; that he is purchasing an automobile and has paid all but Sixty Dollars ($60.00) of the purchase price of Two Hundred Ninety Five and No/100 Dollars ($295.00) thereon; that he is purchasing some tires upon payments of Two and 50/100 Dollars ($2.50) every two weeks and maintains a credit account for gasoline and oil and has an average bill of Six Dollars ($6.00) to Six and 50/100 Dollars ($6.50);

"It is, therefore, ordered, adjudged and decreed that contest of the affidavit of W. J. Carlisle be, and the same is hereby, sustained, and that the said W. J. Carlisle be required to pay, or give security for costs herein in order to prosecute his appeal."

There have further been filed, as parts of the proceeding in this court, an agreed statement of all the evidence adduced upon the hearing before the district judge, approved and ordered filed by him, together with sworn answers herein in behalf of the district judge, the district clerk, and the official court reporter, as above named; these answers contested the sufficiency of the averments made in relator's affidavit, and those of the clerk and the court re-

porter further especially denied that relator had ever either offered to make any payment or furnish any security to them for such transcript or statement of facts, or that he ever made a demand on them for the furnishing thereof with or without the payment of all or any part of the cost therefor.

The affidavit referred to, supra, as having been filed by relator in this court, was in fact done for him by his attorney of record herein, and after reiterating what had so been presented in his behalf below, contained these answering averments to the denial of the clerk and the court reporter just referred to:

"Affiant further states that on said January 21, 1937, and within a short time after the Court had announced his decision, this affiant inquired of the Court reporter, Mr. T. N. Watkins, who had reported the trial of said cause, the probable cost of a transcript of the testimony; that said T. N. Watkins, after perusal of his notes, announced that the cost would be $50.00; that thereupon this affiant announced to said Watkins that an affidavit of inability to pay costs of appeal would have to be made by W. J. Carlisle as he had nothing with which to pay for same, having no property subject to execution and only his daily wages from which he could barely support himself and family; that said T. N. Watkins immediately stated, in reply, 'he can't get by with that,' or words to that effect, meaning and conveying to affiant the information that said T. N. Watkins would not prepare a statement of facts in the absence of pay therefor.

"Affiant further states that J. W. Mills, district clerk, filed his contest of affidavit of inability to pay costs or give security therefor upon the hearing of such contest, thereby denying plaintiff's right to a transcript of the proceedings in said cause without payment therefor."

■ On the showing disclosed by the affidavits and the record initially filed here, and upon the agreed statement of facts on a like hearing before the trial judge, this court will issue the coveted writ; it is not officially bound by the judge's findings made below in this proceeding, as it would be in instances on direct appeal where it exercises appellate jurisdiction only, its authority to act upon the application for the mandamus being an original one under R.S. art. 1823, after the appeal in the main cause had been perfected by the filing of the affidavit in lieu of a cost bond, pursuant to R.S. art. 2267.

■ The undisputed evidence—other than upon the one point of whether or not demand for the desired records had been made upon the clerk and the court reporter —shows that relator had only such money as he earned for wages, and no other; that he had no cash nor security; that his entire earnings were required to support himself and his family; and that he had made every reasonable effort to procure assistance through borrowing and otherwise, but without success; in such uncontroverted circumstances, the little dribble he was so able to make as wages (even if a small part of it was taken to pay for an inexpensive automobile, which itself might properly nowadays be considered a family necessity) should not be taken for the costs of appeal in a case where he was seeking that privilege for his minor daughter in a litigation nonpersonal to himself; especially in view of the fact that section 8 of article 5 of the Constitution, and R.S. art. 1994, expressly provide for the bringing of such suits for minors through a next friend, and the making of affidavits in lieu of cost bonds therein is also especially provided for in the cited article 2266; this consideration is emphasized by the like undisputed showing here that the little girl, ten years old, had neither money nor property, nor had yet arrived at the age of discretion; relator's sole source of funds was his stated wages, which were exempt to him and his family, as would be the automobile he was so undertaking to purchase, if and when he completed the payments thereon, and neither (under the construction this court places upon the procedure, and the law in such cases) should be taken for the costs of such an appeal; these authorities are cited as in support of the conclusions stated: Rutherford v. Vandygriff (Tex.Civ.App.) 73 S.W.(2d) 569; Williams v. Jones, County Clerk (Tex.Civ. App.) 5 S.W.(2d) 867, and authorities cited; Van Benthuysen v. Gengler (Tex.Civ. App.) 100 S.W.(2d) 116.

This case is not on a parity with Durant v. Stone, 97 S.W.(2d) 1006, recently decided by this court, in that the record here shows that both the clerk and the court reporter must be held, in effect at least, to have denied relator's right to the transcript and statement of facts through their affirmative contests of his efforts to procure them both in the trial court and in this

court, and the answering affidavit on that point of his counsel here, as quoted supra.

Pursuant to these conclusions, the writ of mandamus against all the named officers will issue as prayed for herein.

Writ of mandamus granted.