**110**

uncrate and install the equipment, but, be that as it may, appellee did not seek damages because of anything growing out of the uncrating or installation of the equipment, the suit being based upon the alleged breach of warranties, his testimony being to the effect that, about four months after the installation of the dental chair, it developed trouble which proved to be due to a broken bearing.

The parties have cited a number of cases, each analogous in some respect to the case under consideration; some sustaining and others defeating the plea of privilege, but in each there existed some differentiating feature that controlled the decision. It would serve no useful purpose to comment upon these cases, as our decision is predicated alone on the construction of the written contract here involved, which presents simply a question of law.

The judgment of the court below is reversed and judgment here rendered for appellant, sustaining its plea of privilege and changing the venue of the cause to a court of proper jurisdiction in Tarrant County, with instructions to the clerk of the court below to make up a transcript of all orders in the case, certifying thereto officially under the seal of the court, and transmit same with the original papers to the clerk of the District Court of Tarrant County, Texas.

Reversed and rendered, with instructions to the clerk below.

S. D. Hopkins, of Corpus Christi, for relators.

John C. North, of Corpus Christi, and Raymond Edwards, of San Antonio, for respondents.

SMITH, Chief Justice.

On March 22, 1938, judgment by default was rendered against some of the defendants in cause No. 15049–A, M. C. Gann et ux. v. Mrs. P. W. Putman et al., being an action in trespass to try title pending in the District Court of the 28th Judicial District in and for Nueces County.

Thereafter, on April 18, 1938, and at the same term of court, said defendants filed their motion to set aside said judgment and for new trial, and, still at the same term, on May 7, 1938, after a hearing, the trial judge granted said motion, set aside said judgment as to all parties, and ordered a new trial.

The plaintiffs below have presented to this Court their motion for leave to file petition for mandamus to require Honorable W. B. Hopkins, Judge of said Court, to vacate and set aside said order of May 7, 1938, in whole, or, in the alternative, in part, and to proceed to again render judgment by default against said defendants, as before.

**GANN et ux. v. HOPKINS, Judge, et al.**

**No. 13380.**

Court of Civil Appeals of Texas. San Antonio.

July 9, 1938.

■ It is true, as a matter of course, that the trial judge retained control over said judgment throughout the term at which it was rendered, and had the power, in his discretion, to set aside said judgment, upon his own motion or that of any party, and with, or without, express cause. That being the rule, and the judgment in question having been set aside and new trial granted, at the same term at which it was rendered, this Court has no power, nor has it the inclination, to require the trial judge to rescind his order granting a new trial, and now again render the judgment he had previously set aside.

■ The court having set aside the previous judgment, it is presumed the court will proceed to a new trial in due course, and unless he is requested thereto, and refuses to proceed to trial in a seasonable time, mandamus does not lie to require him to act.

Relators' motion for leave to file is denied.

**CHERRY v. CORBAN et al.**

No. 5308.

Court of Civil Appeals of Texas. Texarkana.

July 22, 1938.

Rehearing Denied July 28, 1938.

Edwin M. Fulton, of Gilmer, and King, Wheeler & Fulton, and W. C. Hancock, all of Texarkana, for plaintiff in error.

Storey, Sanders, Sherill & Armstrong and Geo. T. Burgess, all of Dallas, for defendants in error.

HALL, Justice.

Plaintiff in error was plaintiff and defendant in error was defendant in the court below and will be so designated here.

Plaintiff filed this suit in the District Court of Titus County against defendants M. D. Blackburn and wife, Mary C. Blackburn, and Mrs. Corrie Corban, in form of trespass to try title to recover 80 acres of land and to cancel a certain deed executed by A. S. Mitchell, trustee, conveying said land to defendant Mrs. Corrie Corban. Plaintiff alleged the trustee's deed was void for reason that the deed of trust under which the land was sold and the debt it secured were barred.

Defendants M. D. Blackburn and wife filed a disclaimer. Defendant Corrie Corban answered with general demurrer, general denial, and plea of not guilty, and alleged further that in December, 1922, plaintiff executed a deed of trust to secure certain notes given by him as part of the purchase price for the land in controversy to defendant M. D. Blackburn; that short-