**Martin Dies BUSH, Relator,**

v.

**The Honorable Filemon VELA, District Judge, Respondent.**

**No. 1114.**

Court of Civil Appeals of Texas, Corpus Christi.

April 8, 1976.

James Roby Clopton, McAllen, for appellant.

Gordon L. Briscoe, Harlingen, for appellee.

## OPINION

BISSETT, Justice.

This is an original action filed in this Court by Martin Dies Bush, relator, in which he seeks, by writ of mandamus, to compel the Honorable Filemon Vela, Judge of the 107th Judicial District Court of Willacy County, Texas, to set aside: 1) an order which sustained the contest to his pauper's oath, and 2) an order which dismissed relator's suit.

The background of the case is as follows: relator filed a suit in the District Court of Willacy County, Texas, against W. Don Stone to recover damages allegedly suffered by reason of fraud. In response thereto, Stone filed an original answer and other defensive pleadings in the nature of set-off, counterclaim or cross-action. An auditor was subsequently appointed for the purpose of auditing the accounts between the parties. Relator was then ordered to give security for the completed audit and court costs by either depositing in cash the sum of $9,000.00 with the Clerk of the District Court, or in lieu of such cash deposit to furnish a bond in said amount. Relator then filed an affidavit of his inability to pay cash or post bond. Thereafter, Stone filed a contest to the affidavit. The contest was tried before Judge Vela, who, after considering the evidence developed at the hearing entered an order which sustained the contest. Relator failed to make the cash deposit or to file the bond within the time limited therefor, and his cause of action was then dismissed, with prejudice, by an order signed on March 16, 1976.

The power of the Court of Civil Appeals to issue a writ of mandamus is extremely limited. Such a Court may mandamus only to protect its own appellate jurisdiction, or to order a trial judge to proceed to trial and judgment. Tex.Rev.Civ.Stat. Ann. Arts. 1823 and 1824 (1964); *Crofts v. Court of Civil Appeals for the Eighth Supreme Judicial District*, 362 S.W.2d 101 (Tex.Sup.1962).

The writ of mandamus may not be utilized to protect or enforce potential jurisdiction of a Court of Civil Appeals. Only after appellate jurisdiction has been invoked and thus becomes active may a Court of Civil Appeals enforce or protect its jurisdiction by issuance of the writ. *Winfrey v. Chandler*, 159 Tex. 220, 318 S.W.2d 59 (1958). Our appellate jurisdiction in the present case has not become active; therefore, we are not empowered to proceed under Article 1823. If we have jurisdiction to issue the writ in the instant case, that jurisdiction must arise under Article 1824.

When the writ is issued to compel a court to proceed to trial and judgment in a cause, there must be a refusal to proceed and a clear legal duty to proceed. *Gann v. Hopkins*, 119 S.W.2d 110 (Tex.Civ.App.— San Antonio 1938, no writ). The writ may also issue to require the judge to remove any obstacle that would prevent a trial. *Roberts v. Munroe*, 193 S.W. 734, 739 (Tex. Civ.App.—Austin 1917, writ dism'd).

Relevant to the question of the jurisdiction and power of a Court of Civil

Appeals to issue a writ of mandamus is the sufficiency of the relator's petition. Texas courts require greater certainty of the pleadings in mandamus actions than is required in most other civil actions. *Alice National Bank v. Edwards*, 383 S.W.2d 482 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n. r. e.); *McGuire v. City of Dallas*, 151 S.W.2d 617 (Tex.Civ.App.—Waco 1941, writ dism'd, jdgmt cor.). Every fact necessary to show how that the relator is entitled to the relief sought must be set out in the petition clearly, fully, and unreservedly, by direct and positive allegations. *Narro Warehouse, Inc. v. Kelly*, 530 S.W.2d 146, 149 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.). Mere opinions and conclusions recited in the petition for a writ of mandamus will be disregarded. *Anderson v. Polk*, 117 Tex. 73, 297 S.W.219 (1927). The petition for a writ of mandamus which fails to meet this stringent test of exactness will not invoke the jurisdiction of the tribunal petitioned to hear and determine the issues raised. The rule is not without reason. The writ is an extraordinary remedy and should not issue without careful, individual scrutiny of the facts alleged.

The only allegation in relator's petition that is asserted as a ground for the issuance of the writ is:

> "The Relator claims that said Order sustaining the Contest to the Relator and Plaintiff's Affidavit to establish his status as a pauper is *against the preponderance of the evidence* established at said hearing and denies the Plaintiff his right of trial to a jury for his above stated cause of action." (Emphasis supplied).

■ It has long been the rule in Texas that mandamus will not lie to correct or control actions involving purely judicial discretion. *Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677 (1956).

■ Although a writ of mandamus may issue to compel the exercise of discretion, the writ will not issue to compel the exercise in a particular way. While mandamus will lie to correct a clear abuse of discretion, the action complained of must amount to "fraud, caprice, or by a purely arbitrary decision, and without reason." *King v. Guerra*, 1 S.W.2d 373 (Tex.Civ.App.—San Antonio 1927, writ ref'd). When the writ of mandamus is sought to correct a clear abuse of discretion by the trial judge, the judicial function should be limited to an inquiry as to whether there was any controversy over the facts or conditions on which the judge acted or which he could properly consider. *Maresca v. Marks*, 362 S.W.2d 299 (Tex.Sup. 1962). If there is a reasonable doubt concerning the existence or nonexistence of facts or conditions on which the action was predicated, the courts are powerless to revise or disturb the action. On the other hand, if the fact situation is such in which there is no room for the exercise of discretion, the action of the trial court is subject to control by mandamus. *Womack v. Berry*, supra.

■ In the case at bar, the allegations in relator's petition recognize that a genuine controversy exists as to whether he is entitled to the benefit of a pauper's oath. His allegation that the order sustaining the contest to his affidavit is against the preponderance of the evidence, by implication, admits that there were facts which would authorize Judge Vela to enter the order that he did. There is no allegation that the judge failed to exercise discretion in the matter. Judge Vela, according to the petition, had discretion in the matter. He exercised that discretion, and there are no facts alleged in the petition which indicate a clear abuse of discretion for which a writ of mandamus might issue.

The relator first argues that this Court has the power to issue the writ of mandamus under the holdings in *Burleson v. Rawlins*, 174 S.W.2d 979 (Tex.Civ.App.—Dallas 1943, no writ), and *Van Benthuysen v. Gengler*, 100 S.W.2d 116 (Tex.Civ.App.—Galveston 1936, no writ). Those cases are not in point. In each case, it was determined that the trial court's order which sustained the contest to the pauper's oath was a clear abuse of discretion, the effect of which was tantamount to a refusal by the trial court to proceed to trial. That is not the case here.

The relator also relies upon the cases of *Brenan v. Court of Civil Appeals, Fourteenth District,* 444 S.W.2d 290 (Tex.Sup. 1968); *Hannah v. Walker,* 409 S.W.2d 949 (Tex.Civ.App.—Dallas 1966, no writ); *Wright v. Peurifoy,* 260 S.W.2d 234 (Tex. Civ.App.—Dallas 1953, no writ); *Carlisle v. Wilson,* 103 S.W.2d 434 (Tex.Civ.App.—Galveston 1937, no writ), to support his argument that he has properly invoked the jurisdiction of this Court to issue the writ of mandamus under the provision of Article 1824. We do not agree. Those cases are cases where each relator sought to prosecute an *appeal* from the judgment of the trial court without payment of costs or furnishing a bond in lieu thereof. As already stated, our appellate jurisdiction has not become active with respect to the orders made by Judge Vela.

Whether or not the orders sought to be set aside are against the preponderance of the evidence cannot be resolved in a mandamus action. The exercise by Judge Vela of his judicial discretion in the matter is not subject to review in this proceeding, an original action for mandamus in this Court.

The petition for mandamus is DENIED.