**Doris J. GREEN, Relator,**

v.

**The Honorable Dan MORALES, Attorney General of the State of Texas, and Tom Davis, Director, State Employees Workers Compensation Division of the Attorney General's Office, State of Texas, Respondents.**

No. 1680.

Supreme Court of Texas.

June 24, 1992.

Ronald T. McLain, Dallas, for relator.

Tom Davis, Patricia Lynn Bowcock, David Bolduc, Dan Morales, Austin, for respondents.

PER CURIAM.

Having considered the petition for writ of mandamus, on which leave to file is granted herein, together with the record, brief and reply, it is ordered that relator's petition is granted. A writ of mandamus shall conditionally issue because the actions by respondents are contrary to their ministerial duties under TEX.REV.CIV.STAT.ANN. art. 8309g, §§ 3, 4, 10, 11 & 15 (Supp.1989), and art. 8309i. Relator, a state employee who was injured on the job, asks this court to compel respondents to pay the unpaid portion of a workers' compensation money judgment from her suit to mature an award of the Industrial Accident Board. Respondents paid part of the judgment amount, but refused to pay the remainder. Respondents maintain the State Employees Workers' Compensation Division does not have to pay the remainder of the judgment because it was entitled to a credit for amounts paid as weekly compensation under the Board award prior to the judgment. By affidavit in this court, respondents seek to establish the total amount of such payments and claim the total as a credit against the judgment. Respondents never submitted any summary judgment evidence or other proof to the trial court concerning the amount of any payments or credits. The trial court judgment recites fixed sums representing the full Board award, plus statutory penalty and attorney's fees for the suit to mature the award, plus interest and costs. The judgment does not recite that any credit should be given for payments previously made. Allowing the cred-

it respondents urge would conflict with the literal terms of the judgment. If the judgment was in error because it should have recited that credit be given for any payments prior to judgment, then respondents could have corrected such error by appeal. Respondents perfected an appeal of the trial court judgment, but then had the appeal dismissed for want of prosecution. The court of appeals issued its mandate that the trial court judgment was certified for observance.

The first relevant statute is article 8309g as it was in effect at the time of suit. Article 8309g (Supp.1989) sets forth the conditions by which and the extent to which the State, as employer, participates in the workers' compensation system (as then in effect) for private employers. Section 3 provides that the responsible division is a part of the Attorney General's office, that the Attorney General appoints the director, and that the director should administer the article with funds appropriated by the Legislature. Section 4 provides that the director acts in the capacity of employer and insurer, including "as an adversary before the board *and courts,* presenting the legal defenses and positions of the state as an employer and insurer." (Emphasis added.) Section 10 provides the director is subject to board orders "in the same manner as private employers, insurers, and associations." Section 11 provides the director "shall pay directly to the person entitled to it" the compensation authorized under the article. Section 15(a)(1), "except to the extent that they are inconsistent with this Act," contains a provision that the director is subject to the same trial and appellate procedures for suits to mature board awards as a private employer would be.

The second relevant statute is article 8309i, which contemplates that when "the state fails or refuses to comply within 30 days *with a judgment* against that entity under Articles 8309g and 8309h," then the remedy is that "the workmen's compensation claimant secures mandamus that the entity *comply with the judgment* [portions omitted, emphasis added]." These statutes indicate it is the trial court judgment which respondents have a ministerial duty to pay, just as in the case of the private employer (or carrier) who would pay the final judgment amount. The statutes do not suggest the state may pay less than the judgment amount.

Pursuant to Tex.R.App.P. 122, it is therefore ordered, adjudged and decreed that respondent, Dan Morales, Attorney General of the State of Texas, in his official capacity out of funds appropriated for such purpose, shall direct the payment of the unpaid portion of the trial court judgment in Cause No. 017–122552–89 in the 17th District Court of Tarrant County, Texas, styled *Doris J. Green vs. State Employees Workers' Compensation Division, State of Texas* by his employee, Tom Davis,[1] Director, State Employees Workers' Compensation Division of the Attorney General's Office. The writ of mandamus is conditionally issued; writ shall actually issue only if the Attorney General fails to comply with this opinion.

It is further ordered that respondent, Dan Morales, Attorney General of the State of Texas, in his official capacity, pay all costs expended and incurred in this Court in this proceeding; and that relator, Doris Green, have and recover any of such costs expended by her in this Court of and from said respondent.

---

**1.** The petition for writ of mandamus is also directed against Davis in his capacity of Director. The reply does not raise or suggest that this court lacks jurisdiction over Davis in this official capacity. The Legislature created the State Employees Workers' Compensation Division as a division of the Attorney General's office. Tex.Rev.Civ.Stat.Ann. art. 8309g, § 3. The statute further provides that the Attorney General appoints the director, who serves at the pleasure of the Attorney General. *Id.* This court has original exclusive jurisdiction over mandamus actions against the Attorney General. Tex.Gov't Code Ann. § 22.002(c); *American National Bank v. Sheppard,* 175 S.W.2d 626, 627–28 (Tex.Civ.App.—Austin 1943, writ ref'd). Since the Attorney General has the ultimate responsibility for the ministerial duties of his office, writ of mandamus against him is sufficient.