IN RE LUIS LOMAS, RELATOR

07-00-0512-CV

IN THE COURT OF APPEALS FOR THE

SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 1, 2000

_____________________________

IN RE LUIS LOMAS,

Relator

____________________________

ORIGINAL PROCEEDING

____________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Luis Lomas seeks a writ of mandamus directing the Honorable Blair Cherry, Jr. Judge of the 72
nd
 Judicial District of Lubbock County, and Jean Anne Stratton, District Clerk of Lubbock County, to issue process and convene a hearing on his “Petition for Expungement.”  We dismiss same in part and deny the remainder.

 As to Lomas’s request for mandamus relief against individuals or entities other than a judge (namely the district clerk) we note that our power exists only to the extent necessary to enforce our jurisdiction over a pending appeal.  
Tex. Gov’t Code Ann
. § 22.221(a).  Before it can be said that we are acting to enforce our jurisdiction over a pending appeal, the dispute made the basis of the petition must somehow implicate a pending appeal.  
Bush v. Vela
, 535 S.W.2d 803, 804 (Tex. Civ. App.--Corpus Christi 1976, orig. proceeding).  Since the subject matter of Lomas’s request for mandamus against the district clerk does not involve a pending appeal, we have no jurisdiction to entertain it.
   

Next, Lomas failed to abide by the appellate rules governing an application for extraordinary relief.  For instance, the verification appearing in the petition not only lacks a jurat but also fails to substantially comply with the requirements of an unsworn declaration under 
section 132.003 of the Texas Civil Practice and Remedies Code.  Nor 
does the document contain a table of contents, index of authorities, statement of the case, statement of jurisdiction, statement of the issues presented, or an appendix containing, among other things, his alleged petition for expungement.  All of these are mandated by Rule 52.3 of the Texas Rules of Appellate Procedure.  Moreover, Lomas’s 
pro se
 status does not relieve him from complying with that or any other rule of procedure.  
In re Caldwell
, 918 S.W.2d 9, 10 (Tex. App.--Amarillo 1995, no writ).  Consequently, these defaults alone warrant the denial of the remaining aspects of the petition.

Next, to the extent that Lomas wants us to compel another jurist to convene a hearing or issue process, we note that we can only act when the jurist has refused to act.  That is, it must be shown that the trial judge improperly performed some ministerial act or clearly abused his discretion in performing some non-ministerial duty, 
Walker v. Packer
, 827 S.W.2d 833, 839 (Tex. 1992), or refused to do some act which he had a duty to perform.  
See
 
O’Connor v. First Court of Appeals
, 837 S.W.2d 94, 97 (Tex. 1992) (holding that the existence of a legal duty to perform a nondiscretionary act and a demand for performance coupled with refusal by the court are three prerequisites to mandamus); 
Doctors Hosp. Facilities v. Fifth Court of Appeals
, 750 S.W.2d 177, 178 (Tex. 1988) (holding the same).  Here, we find nothing in the record satisfying those prerequisites.  Assuming, 
arguendo,
 that Lomas filed a petition for expungement, nothing suggests that the district court was aware of the proceeding or refused to schedule a hearing on the petition or otherwise address it.  Thus, again, no basis for mandamus exists.

Accordingly, we dismiss that part of the application seeking relief against Jean Anne Stratton, District Clerk, for want of jurisdiction and deny the remainder.

Brian Quinn

   Justice

Do not publish.