EX PARTE GERONIMO GONZALES

NO. 07-01-0220-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 29, 2001

_________________________________

Ex parte GERONIMO GONZALES, 

Relator

__________________________________

ORIGINAL PROCEEDING

_______________________________
__

Before BOYD, C.J., QUINN and JOHNSON, JJ.

Geronimo Gonzales filed a document entitled “Request to Examine Mandate Court Order and Petitioner’s Request to Proceed in Forma Pauperis without a 20% Order to Pay Court Costs.”  Therein, he requests that we order “officials of the offender’s trust fund to properly comply with court orders and . . . authorize a 20% deduction of his last six months and to refund him his due amount . . . .”  In other words, we are asked to issue an order to those controlling his prison trust account to return funds allegedly withheld for the payment of court costs.  So construed, we treat the pleading as a request for mandamus relief and dismiss same for want of jurisdiction.
(footnote: 1)  Though an intermediate appellate court has jurisdiction to issue writs of mandamus, 
Tex. Gov. Code Ann
.
 §22.221(a) (Vernon Supp. 2001), that authority is limited.  For instance, we are only able to issue same to enforce our jurisdiction, 
Tex. Gov. Code Ann
.
 22.221(a) (Vernon Supp. 2001), and to correct the actions of district and county court judges.  
Id.
 at §22.221(b).  To come within the former, the application must pertain to a pending appeal.  
Bush v. Vela
, 535 S.W.2d 803, 804 (Tex. App.–Corpus Christi 1976, (no writ) (holding that only after appellate jurisdiction has been invoked and thus becomes active may an intermediate court enforce or protect its jurisdiction by the issuance of a writ).  To come within the latter, the relator must be seeking relief against a judge.  Here, neither condition is met.  

No appeal pends before us involving Gonzales.  Rather, the decision in 
Gonzalez v. State
, No. 07-00-0560-CV became final long ago.  Indeed, on April 6, 2001, we issued our mandate in the cause pursuant to Texas Rule of Appellate Procedure 18.1.  Thus, that proceeding is not before us.
(footnote: 2)   Furthermore, the relief sought at bar is not against a judge.  Rather, Gonzalez asks that we order various prison officials to release trust funds which they allegedly hold.  Given these circumstances, we cannot but conclude that the conditions of §22.221 of the Texas Government Code have been satisfied.

Accordingly, the petition for mandamus filed by Gonzales is dismissed for want of jurisdiction.    

Brian Quinn

   Justice

Do not publish.

FOOTNOTES
1:
Gonzales was an appellant in cause number 07-00-0560-CV, styled 
Geronimo Gonzales v. State
.  However, we dismissed that cause in January of this year due to his failure to pay the requisite filing fee and to perfect his alleged status as a pauper.  Furthermore, no motion for rehearing was filed within the time period allotted by Texas Rule of Appellate Procedure 49.1.  And, to the extent that the pending document mentions our prior order, nowhere does Gonzales ask that we modify that order.  Nor does he attack the decision in any way.  Thus, we find no basis upon which to conclude that the pending “request” is a motion for rehearing. 

2:
Nor can it be said that the proceeding is before us because the action of those involved allegedly concerns money withheld to pay court costs.  We ordered no such withholding.  And, no evidence of record indicates that the funds withheld (assuming funds are being withheld) were so captured to pay the costs incurred 
viz
 our cause number 07-00-0560-CV.