NO. 07-01-0388-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 2, 2001

_____

IN RE: ARTHUR CARSON,

Relator

_____

***ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS***
_____

Before BOYD, C.J., QUINN and JOHNSON, JJ.

Pending before this court is the petition of Arthur Carson for a writ of mandamus. Carson requests that we order the Hon. Don Emerson, 320th Judicial District, Potter county, to "[r]ule on nineteen [m]otions," provide a copy of an order to him, and permit the court reporter to transcribe a hearing allegedly conducted on June 14, 2001. We deny the application for the reasons which follow.

*Nineteen Motions*

First, rules of procedure obligate one seeking mandamus relief to accompany his petition with an appendix.[1] TEX. R. APP. P. 52.3(j). The latter must include, among other things, a "certified or sworn copy of . . . [the] document showing the matter complained of." In this case, the document showing the matter complained of would be the "nineteen

---

[1]That Carson acts in a *pro se* capacity does not relieve him from complying with the rules of appellate procedure. *Holt v. F.F. Enterprises,* 990 S.W.2d 756, 759 (Tex. App. – Amarillo 1998, pet. denied).

motions" allegedly filed with the court. None, however, were provided to us via appendix or otherwise. Thus, Carson has failed to comply with the rules applicable to obtaining mandamus relief.

Second, the need to consider and rule upon a motion is not a discretionary act. *In re Bates*, No. 07-01-0199-CV, 2001 Tex. App. WL 513450, at *1 (Amarillo, May 15, 2001, no pet. h.); *In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.–San Antonio 1998, orig. proceeding). Rather, when the motion is properly filed and pending before a trial court, the act of considering and resolving it is ministerial. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.–San Antonio 1997, orig. proceeding) (quoting *O'Donniley v. Golden*, 860 S.W.2d 267, 269-70 (Tex. App.–Tyler 1993, orig. proceeding). However, the court has a reasonable time within which to perform this duty. *Id.*; *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding).

Additionally, no bright-line demarcates the boundaries of a reasonable time period. *Bates*, 2001 WL 513450, at *1. Its scope is dependent upon a myriad of factors, not the least of which is the trial court's actual knowledge of the motion or request, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *Id.* So too must the trial court's inherent power to control its own docket be factored into the mix. *See Ho v. University of Texas at Arlington*, 984 S.W.2d 672, 694-695 (Tex. App.–Amarillo 1998, pet. denied) (holding that a court has the inherent authority to control its own docket). Finally, because it is the burden of the party requesting mandamus relief to prove his entitlement to same, *Bates*, 2001 WL 513450, at *1, Carson had the obligation to provide us with evidence of

2

the foregoing indicia (or the like) against which we could test the reasonableness of the court's supposed delay.

Here, however, we have no evidence of the complexity of the 19 motions in question (since we lack a copy of same), the number of other cases, motions, or issues pending on the trial court's docket, the number of cases, motions, or issues which have pended on its docket longer than that at bar, the number of cases, motions, or issues pending on its docket that lawfully may be entitled to preferential settings, or the trial court's schedule. Without such evidence, any attempt to assess whether Judge Emerson acted unreasonably in allegedly failing to address the 19 motions would be mere folly. This is especially so here when at least one motion purports to request a jury trial. Again, a trial court has great discretion over its docket. And, while it cannot opt to forever avoid hearing a motion, no litigant is entitled to a hearing at whatever time he may choose.

*Make Court Orders Available*

A trial court cannot be found to have abused its discretion until the complainant establishes that it 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do so. *O'Connor v. First Court of Appeals,* 837 S.W.2d 94, 97 (Tex. 1992). To the extent that Carson complains of the trial court's failure to provide him a copy of its orders, application of the foregoing rule would necessarily require him to illustrate that the trial court was aware of his request for same. This he did not do. No where in the record do we find evidence indicating that Carson requested of the trial court a copy of the supposed orders in question.

Moreover, Carson provides us with neither argument nor authority illustrating that

3

the trial court had the duty to forward him any orders. Rather, statute places the duty to care for and maintain court records (such as orders) upon the district clerk, not the court itself. TEX. GOV. CODE ANN. §51.303(a) (Vernon 1998). So too does the district clerk, as opposed to the trial court, have the duty to notify litigants of the court's execution of final orders and judgments. TEX. R. CIV. PROC. 306a(3). These provisions suggest that the duty, if any, to forward notices or copies of orders lies with someone other than the trial court. Yet, because Carson failed to brief this issue, we cannot hold that he carried his burden to prove a clear abuse of discretion or error.[2]

*Record of the Hearing*

As to the court reporter's transcription of the June 14, 2001, hearing, nothing appears of record disclosing that Carson moved or otherwise requested same from the court reporter or Judge Emerson. *See* TEX. GOV. CODE ANN. §52.047(a) (stating that a person may "apply" for a transcript of the evidence). Again, a request for specific action must be made before we can hold as erroneous the failure to act. *Doctors Hosp. Facilities v. Fifth Court of Appeals*, 750 S.W.2d 177, 178 (Tex. 1988) ( stating that the requisites for mandamus are a legal duty to perform a non- discretionary act, a demand for performance, and a refusal). And, to the extent that the record fails to show that such a request was made here, we cannot hold that anyone acted improperly.

Finally, to the extent the duty to provide a transcript lies with the court reporter (not the court itself), *id* at §52.046(a)(5), we are limited in the relief we can issue. Simply put,

---

[2]We do not hold that anyone has a duty to forward copies of orders to the litigants. We simply conclude that Carson nowhere attempted to prove that such a duty existed and that it lay with the trial court.

Carson's complaint actually lies in the court reporter's supposed refusal to act given that the reporter, not the trial court, has the burden to provide the transcript. Furthermore, we can issue writs of mandamus against non-judges only when necessary to enforce our appellate jurisdiction over a pending appeal. TEX. GOV. CODE ANN. §22.221(a). That is, the dispute made the basis of the petition for mandamus must somehow implicate an appeal pending before us. *Bush v. Vela*, 535 S.W.2d 803, 804 (Tex. Civ. App.–Corpus Christi 1976) (orig. proceeding). And, because our appellate jurisdiction does not attach until an appeal has been perfected and nothing of record indicates that such an appeal has been perfected, we have no authority to order the reporter (via a writ of mandamus) to do anything.[3]

Accordingly, the petition for writ of mandamus is denied.

Per Curiam

Do not publish.

---

[3]And, once an appeal is perfected, whether the trial court intends to permit the court reporter to transcribe the evidence is irrelevant for we then have the power to order the reporter to act. In short, once an appeal is perfected, the court reporter is obligated to comply with our directives *viz-a-viz* the appeal, irrespective of those uttered by the trial court. Thus, it can also be said that Carson has an adequate remedy through appeal since we can then assure that he receives that to which he is entitled.