NUMBER 13-05-277-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

IN RE: WASHINGTON MUTUAL FINANCE, L.P., 

FELA
CAVAZOS, DAVID GONZALEZ, CARMEN GONZALEZ, 

REY GONZALES, AND ADELAIDO GONZALES,

 

 

 

                      On Petition for
Writ of Mandamus

 

 

 

                        DISSENTING OPINION

 

                     Before Justices Rodriguez, Castillo
and Garza

                          Dissenting Opinion by Justice Castillo

 








In this original
mandamus proceeding, relators request that we direct the trial court to vacate
the order denying their motion to compel arbitration (1) on the merits or,
alternatively, (2) on grounds that the trial court failed to convene an
evidentiary hearing.  Granting relief on
relators' alternative ground, the majority concludes that the trial court
abused its discretion (1) by sustaining a defense to arbitration (2) without
holding an evidentiary hearing (3) to determine disputed issues of material fact.  For the reasons that follow, I respectfully
dissent.

Mandamus Relief

Although the writ of
mandamus is a discretionary remedy, its use is subject to certain
conditions.  Johnson v. Fourth Court
of Appeals, 700 S.W.2d 916, 917 (Tex. 1985).  We may issue writs of mandamus
"agreeable to the principles of law regulating those writs."  See id. (citing Tex. Gov't.
Code Ann. ' 22.221(b) (Vernon
2004)).  Mandamus issues only to correct
a clear abuse of discretion or the violation of a duty imposed by law when
there is no other adequate remedy by law. 
Id. (citing State v. Walker, 679 S.W.2d 484, 485
(Tex. 1984)); Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992)).[1]  We, therefore, act in excess of our writ
power when we grant mandamus relief absent these circumstances.  See Johnson, 700 S.W.2d at 917  (citing Ginsberg v. Fifth Court of
Appeals, 686 S.W.2d 105, 108 (Tex. 1985)).








When the writ of
mandamus is sought to correct a clear abuse of discretion by the trial court,
the judicial function should be limited to an inquiry as to whether there was
any controversy over the facts or conditions on which the judge acted or which
he could properly consider.  Bush v.
Vela, 535 S.W.2d 803, 805 (Tex. App.BCorpus Christi 1976,
no writ) (citing Maresca v. Marks, 362 S.W.2d 299, 301 (Tex. 1962)). If
there is a reasonable doubt concerning the existence or nonexistence of facts
or conditions on which the action was predicated, we are powerless to revise or
disturb the action.  See id.  On the other hand, if the fact situation is
such in which there is no room for the exercise of discretion, the action of
the trial court is subject to control by mandamus.  Id. 

The Record








The trial court
convened two hearings on relators' motion to compel arbitration.  During
the first hearing on May 3, 2004, the trial court heard arguments of counsel on
the merits and did not issue a ruling. 
Subsequently, real-parties-in-interest filed a motion to supplement the
record and a motion for an evidentiary hearing, asserting, among other things,
unconscionability.[2]  Relators filed responses opposing both
motions.[3]  The trial court convened a second hearing on
January 31, 2005, on both motions.  At
that hearing, relators argued that (1) the motion to compel was "fully
heard" and "fully considered" at the first hearing held in May,
(2) "everything was before the Court in May on this summary
proceeding," and (3) the hearing was a "[s]ummary proceeding under
the law."  Stating that it would
take the matter under advisement, the trial court pronounced, "If I need
to hear any other additional testimony or evidence, I will letBadvise both offices and you'll have a ruling in
reference to this by Friday at 5:00 . . . ."  Neither party objected.  Subsequently, the trial court denied the
motion to compel arbitration by written order. 
This original proceeding ensued.

Analysis

Declining to address
relators' ground on the merits of the motion to compel arbitration, the
majority concludes that the trial court abused its discretion because it
sustained the real-parties-in-interest's defense to arbitration without
providing an evidentiary hearing.  See
Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 269 (Tex. 1992).  The majority grants mandamus relief and
orders "an evidentiary hearing on any disputed issues of material fact
related to the defense" to arbitration real-parties-in-interest
advanced.  By its writ, the majority
grants relief on relators' alternate ground before usBa ground they argued
to the trial court was unnecessary, untimely, and unavailable to the
real-parties-in-interest below.  On this
record, an evidentiary hearing that was argued as not mandatory to an
arbitration opponent below has become mandatory to an arbitration proponent by
virtue of mandamus relief.








Respectfully, I would
hold that, by its ruling, the trial court implicitly agreed with relators that
it need not hear additional testimony or evidence.  Thus, by its ruling, the trial court
implicitly agreed with relators that an evidentiary hearing was unnecessary and
proceeded to rule on the merits of relators' motion to compel arbitration.  The trial court denied the motion but,
implicitly, granted relators' motion to proceed "as a matter of law."[4]  

Respectfully, I would
honor the basic tenets that require (1) a party to present a complaint to the
trial court first before seeking appellate relief, see e.g. Tex. R. App. P. 33.1, and (2) that the grounds for relief before the
appellate court comport to the complaint raised to the trial court.  See id.  Because the majority expressly grants relief
on relators' alternative grounds not requested below, respectfully, I conclude
we are powerless to grant mandamus relief. 
Bush, 535 S.W.2d at 805. 
Because I conclude we are powerless to grant relief on grounds not
expressly requested first to the trial court, I respectfully dissent. 

ERRLINDA CASTILLO

Justice

Dissenting Opinion
delivered and filed

this the 26th day of August, 2005.               











[1] A trial court clearly abuses its
discretion if it reaches a decision so arbitrary and unreasonable as to amount
to a clear and prejudicial error of law. 
Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992).  This standard, however, has different
applications in different circumstances. 
Id.  With respect to
resolution of factual issues or matters committed to the trial court's
discretion, for example, the reviewing court may not substitute its judgment
for that of the trial court.  Id.
 The relator must establish that the
trial court could reasonably have reached only one decision.  Id. at 840.  On the other hand, review of a trial court's
determination of the legal principles controlling its ruling is much less
deferential.  Id.  A trial court has no "discretion" in
determining what the law is or applying the law to the facts.  Id.  Thus, a clear failure by the trial court to
analyze or apply the law correctly will constitute an abuse of discretion, and
may result in appellate reversal by extraordinary writ.  Id.  

 

 





[2] On the day of the hearing, the
real-parties-in-interest filed a motion to strike the affidavits attached to
relators' motion to compel based, in part, on grounds that the affidavits were
"not based on personal knowledge," were conclusory and self-serving and,
thus, not competent evidence to support the motion to compel.  Relators countered that the "affidavits
have been on file for almost a year." 






[3] Relators asserted in their
response that, even if the trial court accepted the affidavits filed in support
of the motion filed by the real-parties-in-interest attesting to
unconscionability, the motion to compel should be granted as "a matter of
law."





[4] In short, the trial court could
have concluded that, among other things, the relators' motion and evidence were
insufficient as a matter of law to prove that the FAA applied or that the
claims fell within the scope of the agreements. 
See Jack B. Anglin Co., 842 S.W.2d at 269; Prudential Sec. v.
Banales, 860 S.W.2d 594, 597 (Tex. App.BCorpus Christi 1993, no writ) (orig. proceeding) (requiring
summary disposition on the merits after finding that the opposing party's
failure to follow the first step of presenting proper controverting evidence
denies him the right to proceed to the second step of an evidentiary
hearing).  If so, then the trial court
could have concluded that relators failed in their burden and, thus, the
burden, if any, never shifted to the real‑parties‑in‑interest.  See id.  Without deciding the merits of the motion to
compel, however, I conclude that a summary proceeding under those circumstances
was proper.  The record, however, does
not establish the grounds on which the trial court denied arbitration.