NUMBER
13-05-754-CV

 

                                  COURT
OF APPEALS

 

                      THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

____________________________________________________________

 

 

                                       IN
RE THOMAS FLORENCE

 

____________________________________________________________

 

                                    On
Petition for Writ of Mandamus 

____________________________________________________________

 

                              MEMORANDUM
OPINION

 

                          Before
Justices Hinojosa, Yañez, and Castillo 

                                   Per
Curiam Memorandum Opinion[1]

 

Relator, Thomas Florence, filed a petition for writ
of mandamus in the above cause on December 13, 2005.  Relator requests this Court to issue a writ
of mandamus ordering the DeWitt County District Clerk to assign his civil
complaint a cause number and notify relator of the same. 








We conclude this Court does not have jurisdiction to
grant the requested relief.  This court
does not have mandamus jurisdiction over district clerks unless it is shown
that issuance of the writ is necessary to enforce our jurisdiction.  See Tex.
Gov't Code Ann. ' 22.221(a), (b) (Vernon 2004); In re Simpson,
997 S.W.2d 939 (Tex. App.BWaco 1999, orig. proceeding); In re Strickhausen,
994 S.W.2d 936 (Tex. App.BHouston [1st Dist.] 1999, orig. proceeding); see
also In re Hayes, NO. 13-05-454-CV, 2005 Tex. App. LEXIS 5706, *2 (Tex.
App.BCorpus Christi 2005, orig. proceeding).  

The writ of mandamus may not be utilized to protect
or enforce the potential jurisdiction of a court of appeals.  Bush v. Vela, 535 S.W.2d 803, 804
(Tex. App.BCorpus Christi 1976, orig. proceeding).  Generally, an appellate court may issue a
writ of mandamus only after appellate jurisdiction has been invoked.  Winfrey v. Chandler, 31 S.W.2d 59,
61-62 (Tex. 1968).   While an exception
to this rule exists, relator has neither alleged nor shown that the exception
is applicable here.  See, e.g., In
re Bernard, 993 S.W.2d 453, 454-55 (Tex. 
App.BHouston [1st Dist.] 1999, orig. proceeding) (if
relator had first filed the writ with the district judge, explaining in a verified
motion that the clerk refused to accept the pleading for filing, and if the
judge refused to accept the pleading for filing, then the court of appeals
would have jurisdiction).  

Accordingly, the petition for writ of mandamus is
hereby DISMISSED for want of jurisdiction. 
See Tex. R. App. P.
52.8(a).

 

 

PER CURIAM

 

 

Memorandum
Opinion delivered and filed

this
14th day of December, 2005.

 











[1]
See
Tex. R. App. P. 52.8(d) (AWhen
denying relief, the court may hand down an opinion but is not required to do
so.@); Tex. R. App. P. 47.4 (distinguishing
opinions and memorandum opinions).