NO. 07-06-0130-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



NOVEMBER 21, 2006


______________________________



JANELL SMITH, APPELLANT



V.



WISHBONE LAND & CATTLE CO., INC.


AND TRIPLE S TRADE LOT, INC., AND MONTY CAROL SMITH


AND BOBBY DARRELL SMITH, APPELLEES


_________________________________



FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;



NO. 04-01-19445; HONORABLE HAROLD PHELAN, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ. 

MEMORANDUM OPINION


 In a divorce proceeding between Bobby Smith and Janell Smith, Janell Smith filed
a third party petition against Wishbone Land & Cattle Co. Inc., Triple S Trade Lot, Inc.,
Monty Carol Smith and Bobby Darrell Smith. Janell Smith filed a notice of appeal
challenging dismissal of her petition against Wishbone Land & Cattle and Triple S Trade
Lot. Her docketing statement listed only Monty Carol Smith and Bobby Darrell Smith as
appellees. Monty Carol Smith and Bobby Darrell Smith also perfected appeal from the trial
court's judgment. Their docketing statement listed Janell Smith and Bobby Smith as
appellees.

 All these parties have joined in an agreed motion seeking voluntary dismissal of the
appeals in accordance with Rule of Appellate Procedure 42.1(a)(1). Finding the motion
complies with the requirements of Rules 6.6 and 42.1(a)(1) and that granting the motion
will not prevent any party from seeking relief to which it would otherwise be entitled, we
dismiss the appeals.

 Having disposed of the appeals at the parties' express request, we will not entertain
a motion for rehearing and our mandate will issue forthwith.


 James T. Campbell

 Justice





uty. Id.; Barnes v. State, 832
S.W.2d 424, 426 (Tex. App.-Houston [1st Dist.] 1992, orig. proceeding). 

 Additionally, no bright-line demarcates the boundaries of a reasonable time period. 
Bates, 2001 WL 513450, at *1. Its scope is dependent upon a myriad of factors, not the
least of which is the trial court's actual knowledge of the motion or request, its overt refusal
to act on same, the state of the court's docket, and the existence of other judicial and
administrative matters which must be addressed first. Id. So too must the trial court's
inherent power to control its own docket be factored into the mix. See Ho v. University of
Texas at Arlington, 984 S.W.2d 672, 694-695 (Tex. App.-Amarillo 1998, pet. denied)
(holding that a court has the inherent authority to control its own docket). Finally, because
it is the burden of the party requesting mandamus relief to prove his entitlement to same,
Bates, 2001 WL 513450, at *1, Carson had the obligation to provide us with evidence of
the foregoing indicia (or the like) against which we could test the reasonableness of the
court's supposed delay. 

 Here, however, we have no evidence of the complexity of the 19 motions in question
(since we lack a copy of same), the number of other cases, motions, or issues pending on
the trial court's docket, the number of cases, motions, or issues which have pended on its
docket longer than that at bar, the number of cases, motions, or issues pending on its
docket that lawfully may be entitled to preferential settings, or the trial court's schedule. 
Without such evidence, any attempt to assess whether Judge Emerson acted
unreasonably in allegedly failing to address the 19 motions would be mere folly. This is
especially so here when at least one motion purports to request a jury trial. Again, a trial
court has great discretion over its docket. And, while it cannot opt to forever avoid hearing
a motion, no litigant is entitled to a hearing at whatever time he may choose.

 Make Court Orders Available

 A trial court cannot be found to have abused its discretion until the complainant
establishes that it 1) had a legal duty to perform a non-discretionary act, 2) was asked to
perform the act, and 3) failed or refused to do so. O'Connor v. First Court of Appeals, 837
S.W.2d 94, 97 (Tex. 1992). To the extent that Carson complains of the trial court's failure
to provide him a copy of its orders, application of the foregoing rule would necessarily
require him to illustrate that the trial court was aware of his request for same. This he did
not do. No where in the record do we find evidence indicating that Carson requested of
the trial court a copy of the supposed orders in question. 

 Moreover, Carson provides us with neither argument nor authority illustrating that
the trial court had the duty to forward him any orders. Rather, statute places the duty to
care for and maintain court records (such as orders) upon the district clerk, not the court
itself. Tex. Gov. Code Ann. §51.303(a) (Vernon 1998). So too does the district clerk, as
opposed to the trial court, have the duty to notify litigants of the court's execution of final
orders and judgments. Tex. R. Civ. Proc. 306a(3). These provisions suggest that the
duty, if any, to forward notices or copies of orders lies with someone other than the trial
court. Yet, because Carson failed to brief this issue, we cannot hold that he carried his
burden to prove a clear abuse of discretion or error. (2) 

 Record of the Hearing

 As to the court reporter's transcription of the June 14, 2001, hearing, nothing
appears of record disclosing that Carson moved or otherwise requested same from the
court reporter or Judge Emerson. See Tex. Gov. Code Ann. §52.047(a) (stating that a
person may "apply" for a transcript of the evidence). Again, a request for specific action
must be made before we can hold as erroneous the failure to act. Doctors Hosp. Facilities
v. Fifth Court of Appeals, 750 S.W.2d 177, 178 (Tex. 1988) ( stating that the requisites for
mandamus are a legal duty to perform a non- discretionary act, a demand for performance,
and a refusal). And, to the extent that the record fails to show that such a request was
made here, we cannot hold that anyone acted improperly.

 Finally, to the extent the duty to provide a transcript lies with the court reporter (not
the court itself), id at §52.046(a)(5), we are limited in the relief we can issue. Simply put,
Carson's complaint actually lies in the court reporter's supposed refusal to act given that
the reporter, not the trial court, has the burden to provide the transcript. Furthermore, we
can issue writs of mandamus against non-judges only when necessary to enforce our
appellate jurisdiction over a pending appeal. Tex. Gov. Code Ann. §22.221(a) . That is,
the dispute made the basis of the petition for mandamus must somehow implicate an
appeal pending before us. Bush v. Vela, 535 S.W.2d 803, 804 (Tex. Civ. App.-Corpus
Christi 1976) (orig. proceeding). And, because our appellate jurisdiction does not attach
until an appeal has been perfected and nothing of record indicates that such an appeal
has been perfected, we have no authority to order the reporter (via a writ of mandamus)
to do anything. (3) 

 Accordingly, the petition for writ of mandamus is denied. 


 Per Curiam



Do not publish.
1. That Carson acts in a pro se capacity does not relieve him from complying with the rules of
appellate procedure. Holt v. F.F. Enterprises, 990 S.W.2d 756, 759 (Tex. App. - Amarillo 1998, pet. denied).
2. We do not hold that anyone has a duty to forward copies of orders to the litigants. We simply
conclude that Carson nowhere attempted to prove that such a duty existed and that it lay with the trial court.
3. And, once an appeal is perfected, whether the trial court intends to permit the court reporter to
transcribe the evidence is irrelevant for we then have the power to order the reporter to act. In short, once
an appeal is perfected, the court reporter is obligated to comply with our directives viz-a-viz the appeal,
irrespective of those uttered by the trial court. Thus, it can also be said that Carson has an adequate remedy
through appeal since we can then assure that he receives that to which he is entitled.