NO. 07-11-00397-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 27, 2011

_____

IN RE JEROME D. BROWN, RELATOR

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ON PETITION FOR WRIT OF MANDAMUS**

Relator Jerome D. Brown, a prison inmate appearing *pro se*, has filed a petition requesting a writ of mandamus against Potter County District Clerk Caroline Woodburn, and "the Attorney General of Texas, Gregg Abbott . . . representing Sylvia Busto, Michael C. Bryant, Anthony Martinez, William N. Jones III, Orville N. Larkan, Walker W. Miller, and Bryan D. Miller."[1]  We will dismiss the petition.

Relator complains that the district clerk "failed to endorse his petition with a file number, the date and time that it was filed, and affix her official signature thereto."  The petition does not indicate why a writ of mandamus should issue against the Attorney General.  While the petition alleges at some length wrongful conduct by the remaining seven individuals, it does not present facts demonstrating how any of them come within our mandamus jurisdiction.

_____

[1]  The heading of relator's petition identifies these seven individuals as respondents.

Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. *In re Southwestern Bell Telephone Co., L.P.,* 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). It is the burden of a relator to provide a record sufficient to establish his entitlement to the relief requested. *Ex parte Bates,* 65 S.W.3d 133, 135-36 (Tex.App.--Amarillo 2001, orig. proceeding); *cf. Wall v. James,* No. 14-89-0669-CV, 1989 Tex. App. Lexis 2001, at *2 (Tex.App.--Houston [14th Dist.] Aug. 10, 1989,) (per curiam order, not designated for publication) (citing former Rules 50 and 121) (relator must supply record establishing court's jurisdiction). Texas Government Code § 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to writs necessary to enforce the jurisdiction of the court of appeals and writs against specified district or county court judges in the court of appeals district. Tex. Gov't Code Ann. § 22.221(a),(b) (West 2004). Consequently, unless necessary to enforce our jurisdiction, we have no jurisdiction to issue a writ of mandamus against the Attorney General,[2] a district clerk,[3] or the individual respondents.[4]

---

[2] *See In re Robinson,* No. 01-10-0910-CR, 2010 Tex. App. Lexis 9816, at *2 (Tex.App.--Houston [1st Dist.] Dec. 9, 2010, orig. proceeding) (mem. op., not designated for publication) (citing *In re Washington,* 7 S.W.3d 181, 182 (Tex.App.--Houston [1st Dist.] 1999, orig. proceeding)) ("We have no jurisdiction to issue a writ of mandamus against the Texas Attorney General . . . unless necessary to enforce our jurisdiction"). Tex. Gov't Code Ann. § 22.221(a),(b) (West 2004). *Cf.* Tex. Gov't. Code Ann. § 22.002(c) (West 2004); *Green v. Morales,* 834 S.W.2d 47, 48 n.1 (Tex. 1992) (per curiam) (orig. proceeding) (the Supreme Court of Texas has exclusive jurisdiction over mandamus actions against the Attorney General).

[3] *In re Coronado,* 980 S.W.2d 691, 692 (Tex.App.--San Antonio 1998, orig. proceeding) (per curiam) (noting because a district clerk is not a judge, a relator must show issuance of a writ of mandamus is necessary to enforce the jurisdiction of the court of appeals).

We therefore turn to whether issuance of the writ against any or all of the respondents is necessary to enforce our jurisdiction. In the case of *In re Richard,* the relator asked us to issue a writ of mandamus against the then-District Clerk of Potter County for her alleged refusal to issue and serve suit papers and process on his behalf. *In re Richard,* No. 07-99-0445-CV, 1999 Tex. App. Lexis 9055, at *1 (Tex.App.--Amarillo Dec. 2, 1999, orig. proceeding) (per curiam, not designated for publication). As part of our reasoning for denying the writ we explained, "The writ of mandamus may not be utilized to protect or enforce potential jurisdiction of a court of appeals. *Bush v. Vela,* 535 S.W.2d 803, 804 (Tex.Civ.App.--Corpus Christi 1976, orig. proceeding). Generally, it is only after appellate jurisdiction has been invoked and thus becomes active that a Court of Appeals may enforce or protect its jurisdiction by issuance of the writ. *Winfrey v. Chandler,* 159 Tex. 220, 318 S.W.2d 59 (1968); *Bush v. Vela, supra.*" *Id.* at *2. Here, even overlooking the fundamental defects in relator's petition,[5] the essence of his complaint is simply that the district clerk will not file his lawsuit against the seven individual respondents. Whether or not the suit papers are filed does not threaten or otherwise jeopardize the exercise of our appellate jurisdiction over an existing appeal.

---

[4] Tex. Gov't Code Ann. § 22.221(b) (West 2004).

[5] Relator's petition does not meet the requirements of Appellate Rule 52 in several respects. Notably it does not contain a certificate that every factual statement in the petition is supported by competent evidence included in the appendix or record, Tex. R. App. P. 52.3(j), nor does it include a record containing "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." Tex. R. App. P. 52.7(a)(1).

We thus conclude we lack jurisdiction to consider relator's petition for writ of mandamus. It is dismissed.

James T. Campbell
Justice