In re PRUDENTIAL SECURITIES, IN-CORPORATED, and Lisa Metzinger Lamonte, Relators.

No. 14–04–01196–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 30, 2005.

Retta A. Miller, Justin R. Goodman, Houston, for relator.

David Kent Bissinger, Michael M. Wilson, Houston, for respondent.

Panel consists of Justices ANDERSON, HUDSON, and FROST.

## OPINION

JOHN S. ANDERSON, Justice.

Prudential Securities Incorporated and Lisa Metzinger Lamonte seek mandamus relief from a trial court order denying arbitration of fraud, breach of fiduciary duty, and negligence claims asserted against them by the real party in interest, Lynda Johnson. Because we conclude the claims are factually intertwined with other claims that fall within the scope of a valid arbitration agreement under which Lynda Johnson seeks to recover as assignee, we conditionally grant the relief requested.

### BACKGROUND

Ned and Lynda Johnson were married from 1994 to 2002. During the marriage, Ned signed agreements with Prudential Securities Incorporated for the management of his investments. Those agreements contained the following arbitration clause:

Arbitration is final and binding on the parties.

The parties are waiving their right to seek remedies in court, including the right to jury trial.

Pre-arbitration discovery is generally more limited than and different from court proceedings.

The arbitrators' award is not required to include factual findings or legal reasoning and any party's right to appeal or to modification of rulings by the arbitrators is strictly limited.

The panel of arbitrators will typically include a minority of arbitrators who were or are affiliated with the securities industry.

The undersigned agrees, and by carrying an account for the undersigned you agree, all controversies which may arise between us concerning any transaction or the construction, performance or breach of this or any other agreement between us, whether entered into prior, on or subsequent to the date hereof, shall be determined by arbitration.

During the divorce proceeding, Lynda learned Ned was an aggressive commodities trader and lost over $2,000,000 in commodities trading over the course of their marriage. Following the divorce, Lynda sued Prudential Securities and Lisa Metzinger Lamonte, Ned's advisor, alleging Prudential and Lamonte participated with Ned in a fraud on the community property. Lynda alleged causes of action for fraud, breach of fiduciary duty, negligence, and gross negligence.

Because Ned's contract with Prudential contained a broad arbitration clause, relators filed a motion to compel arbitration in the trial court. The trial court denied the motion to compel and relators filed a petition for writ of mandamus in this court alleging the trial judge abused his discretion in denying the motion to compel. Lynda responded that her claims were not subject to arbitration because she had not signed the agreement between Ned and relators and her claims did not fall within the scope of the arbitration agreement. This court denied relators' petition for writ of mandamus. *In re Prudential*, 2003 WL 22252121, No. 14–03–00758–CV (Tex.App.-Houston [14th Dist.] October 2, 2003, orig. proceeding).

After this court's ruling on relators' petition for writ of mandamus, Lynda amend-

ed her petition adding claims that were Ned's, which were assigned to her in the divorce. Lynda concedes those claims are subject to arbitration under the agreement with Prudential. Relators filed a motion to compel arbitration in the trial court contending the original claims are factually intertwined with the arbitrable claims; therefore, all Lynda's claims must be ordered to arbitration and the trial abated until arbitration is completed. The trial court denied relators' motion to compel and relators filed this petition for writ of mandamus.

## STANDARD OF REVIEW

■ To enforce an arbitration agreement, a party must establish (1) the existence of an agreement to arbitrate, and (2) the claims asserted fall within the scope of the agreement. *Valero Energy Corp. v. Teco Pipeline Co.*, 2 S.W.3d 576, 581 (Tex. App.-Houston [14th Dist.] 1999, no pet.). The parties agree that the Federal Arbitration Act ("FAA") applies to this case and that a valid arbitration agreement exists between Ned and Prudential and that any claims arising out of that agreement are subject to arbitration. Relators assert that Lynda's original claims now fall within the scope of the arbitration agreement because they are factually intertwined with the arbitrable claims. We review de novo the trial court's decision that the claims in the underlying law suit do not fall within the scope of the arbitration agreement. *Nationwide of Bryan, Inc. v. Dyer*, 969 S.W.2d 518, 520 (Tex.App.-Austin 1998, no pet.).

## ORIGINAL CLAIMS

In her original petition, Lynda asserted Ned engaged in reckless investment transactions and relators are liable to her for damages allegedly caused by their failure to supervise Ned in his transactions. The core of Lynda's complaint was her allegation that relators committed fraud on her community property. Specifically, Lynda asserts (1) relators sold securities by means of untrue statements of material facts and aided and abetted Ned in purchases and sales of securities; (2) relators breached their fiduciary duty owed to her because they failed to exercise good faith and diligence, which they assumed by accepting custody of Lynda's community property; and (3) relators failed to exercise reasonable care in managing her community property.

## THE ARBITRABLE CLAIMS

In her second amended petition, Lynda added claims that originally belonged to Ned, but were assigned to her in the divorce. Lynda admits these claims arise out of the contract and are within the scope of the arbitration clause. These claims include: (1) relators bought and sold securities to and for Ned and his community estate by means of untrue statements of material facts, and/or by concealing material facts; (2) relators breached their fiduciary duties owed to Ned and Lynda by failing to study investments sufficiently before recommending them to Ned; (3) relators failed to exercise reasonable care in advising Ned of the true trading costs involved in activities in the futures account; (4) relators converted the community property by using or selling the property to pay for thousands of unauthorized purchases of commodities futures; (5) relators breached their contract with Ned by failing to comply with the laws and rules applicable to it as a registered broker-dealer and member of the New York Stock Exchange; and (6) relators unjustly retained Lynda's money and property through actual or constructive fraud.

## SCOPE OF ARBITRATION CLAUSE

■ When a party invokes a right to arbitration under the FAA, federal law determines whether the dispute is subject to arbitration. *Prudential Securities, Inc. v. Marshall,* 909 S.W.2d 896, 899 (Tex. 1995). Under the FAA, any doubts as to whether Lynda's claims fall within the scope of the agreement must be resolved in favor of arbitration. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983). The policy in favor of enforcing arbitration agreements is so compelling that a court should not deny arbitration "unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue." *Neal v. Hardee's Food Sys., Inc.,* 918 F.2d 34, 37 (5th Cir.1990). Ordinarily, a non-signatory can only be bound by the terms of an arbitration provision if the non-signatory is asserting claims requiring reliance on the terms of the written agreement containing the arbitration provision. *Valero Energy Corp. v. Teco Pipeline Co.,* 2 S.W.3d at 581. Here, by asserting claims on Ned's behalf, Lynda admits she has asserted claims requiring reliance on the terms of the written agreement.

■ In determining whether the original claims fall within the scope of the arbitration agreement, we focus on the factual allegations of the complaint, rather than the legal causes of action asserted. *In re FirstMerit Bank,* 52 S.W.3d 749, 754 (Tex.2001). We consider whether the facts alleged are intertwined with the contract containing the arbitration clause. *Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 271 (Tex.1992). To be within the scope of an arbitration provision, the allegations need only be factually intertwined with arbitrable claims or otherwise touch upon the subject matter of the agreement contain-ing the arbitration provision. *In re BP America Prod. Co.,* 97 S.W.3d 366, 370 (Tex.App.-Houston [14th Dist.] 2003, orig. proceeding). Furthermore, Texas law favors the joint resolution of multiple claims to prevent multiple determinations of the same matter. *Anglin,* 842 S.W.2d at 271.

■ Lynda argues that because this court denied mandamus when only the original claims were asserted, this court's opinion in the prior mandamus constitutes the law of the case. In the first mandamus proceeding filed by Prudential, this court's opinion states only that we denied relator's petition for writ of mandamus. *In re Prudential,* 2003 WL 22252121 (Tex. App.-Houston [14th Dist.] October 2, 2003, orig. proceeding). According to Lynda, our opinion constitutes law of the case that subsequent causes of action will not be subject to arbitration. The "law of the case" doctrine mandates that the ruling of an appellate court on a question of law raised on appeal will be regarded as the law of the case in all subsequent proceedings unless clearly erroneous. *Briscoe v. Goodmark Corp.,* 102 S.W.3d 714, 716 (Tex.2003). It applies only if the issues of law and fact are substantially the same in the second proceeding as the first. *See Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex.1986). In this case, this court denied mandamus without specifying the grounds for denial. Further and more importantly, Lynda amended her petition after our ruling adding new claims; therefore, the issues of law and fact are not substantially the same. The law of the case doctrine does not apply to this mandamus proceeding.

Lynda further argues that the court's holding in *Southwest Texas Pathology Assocs., L.L.P. v. Roosth,* 27 S.W.3d 204 (Tex. App.-San Antonio 2000, pet. dism'd), supports her position that she cannot be bound by the arbitration agreement. In

*Roosth,* the wife alleged her husband's partners knowingly participated in a breach of fiduciary duty in entering into partnership amendments that permitted her husband to be terminated without cause. *Id.* at 208. The wife added the partnership as a third party in her divorce action against the husband. The partnership sought enforcement of its arbitration clause in the agreement signed by the husband. The court found that because the wife did not seek to enforce the terms of the partnership amendments, she was not bound by the arbitration clause. *Id.*

■ Here, however, by alleging claims as Ned's assignee, Lynda seeks to enforce the contract and is subject to the arbitration clause. Although Lynda's original claims are grounded in legal theories distinct from the claims she brings as assignee under the contract Ned signed, they are factually intertwined and subject to the arbitration provision of the contract. *See Anglin,* 842 S.W.2d at 271. Lynda's original claims, therefore, are arbitrable pursuant to the agreement and should be arbitrated under the FAA.

## CONCLUSION

■ Mandamus will issue only to correct a clear abuse of discretion when the abuse cannot be remedied by appeal. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). In this case, the trial court abused its discretion because it failed to compel arbitration for all of Lynda's claims. A party who is erroneously denied the right to arbitration has no adequate remedy at law because the fundamental purpose of arbitration—to provide a rapid, less expensive alternative to traditional litigation—would be defeated. *See Anglin,* 842 S.W.2d at 271.

The writ of mandamus is conditionally granted. We are confident the trial court will order Lynda's claims against relators to arbitration. If the trial court fails to do so, the writ will issue.