In re **WASHINGTON MUTUAL FI-NANCE, L.P., Fela Cavazos, David Gonzalez, Carmen Gonzalez, Rey Gonzales, and Adelaido Gonzales.**

No. 13–05–277–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Aug. 26, 2005.

Melissa A. Prentice, Craig T. Enoch, Winstead, Sechrest & Minick, P.C., Austin, Brian T. Morris, Winstead, Sechrest & Minick, Dallas, Mike Mills, Atlas & Hall, McAllen, for relators.

James P. Grissom, Edinburg, for real parties in interest Garcia and Flores.

Israel Ramon, Jr., Law Office of Israel Ramon, Jr., McAllen, for real party in interest Fela Cavazos.

Manuel Guerra III, McAllen, for real party in interest Carmen Gonzalez.

Adelaido Gonzales, Harlingen, pro se.

Rey Gonzales, Harlingen, pro se.

Before Justices RODRIGUEZ, CASTILLO, and GARZA.

## OPINION

Opinion by Justice GARZA.

Washington Mutual Finance, L.P. and David Gonzalez (collectively "Washington Mutual") have filed a petition for writ of mandamus, seeking to compel Judge Jay Palacios of the County Court at Law Number Two of Hidalgo County to vacate his order of February 18, 2005, denying Washington Mutual's motion to compel arbitration, order arbitration under the Federal Arbitration Act ("FAA"), and stay the underlying proceedings. We conclude that the trial court abused its discretion by sustaining a defense to arbitration without holding an evidentiary hearing to determine disputed issues of material fact. We therefore instruct the trial court to vacate its order of February 18, 2005, denying Washington Mutual's motion to compel arbitration, and conditionally issue a writ of mandamus in the event the trial court does not comply with this opinion.

This original proceeding arises from a suit filed against Washington Mutual and other defendants by Ignacio and Gloria Garcia and Carlos and Esmeralda Flores (the "plaintiffs"), in which the plaintiffs allege that they were fraudulently induced into obtaining loans from Washington Mutual. In response to the suit, Washington Mutual filed a motion to compel arbitration based on arbitration agreements signed by the plaintiffs at the time of their loans.

In a brief filed in opposition to the motion to compel arbitration, the plaintiffs conceded the existence of the arbitration agreements but contended that arbitration could not be compelled because (1) there was unequal bargaining strength between Washington Mutual and the plaintiffs, (2) Washington Mutual did not explain the arbitration agreements to the plaintiffs, and (3) the plaintiffs did not understand the arbitration agreements because their reading fluency and comprehension is at an elementary school or junior high level. Attached to the plaintiffs' brief were test results for each of the plaintiffs, arguably establishing their below-average "reading fluency and comprehension," as well as a transcript of a deposition of Carmen Gon-

zalez, a defendant in the underlying action.[1]

The trial court held a hearing on Washington Mutual's motion to compel on May 3, 2004. At the hearing, the trial court heard arguments from both sides, but it did not hear testimony or admit other evidence into the record. Washington Mutual argued that the evidence attached to the plaintiffs' brief was inadmissible because it was not properly proven-up by affidavits or otherwise verified. Washington Mutual also argued that because the proceeding was summary in nature, the trial court was required to grant its motion to compel based on the uncontroverted evidence in the record, which established that the plaintiffs had signed arbitration agreements covering the claims they presently asserted. For their part, the plaintiffs conceded that they had signed the arbitration agreements. They urged the trial court to find the agreements to be unconscionable based on the evidence attached to their brief. The trial court did not rule on Washington Mutual's motion to compel, and it did not state whether it was admitting or excluding the evidence attached to the plaintiffs' brief.

On May 5, 2004, the plaintiffs filed a motion to supplement the record and for an evidentiary hearing. Attached to the motion were four affidavits, one from each of the plaintiffs. The plaintiffs' motion argued, "If the affidavits offered above are permitted to supplement the record . . . ., further hearing is necessary to determine disputed facts." Washington Mutual filed a response in opposition to the plaintiffs' motion, arguing that the motion was untimely and that the plaintiffs' evidence was immaterial. On January 7, 2005, the parties received notice from the trial court setting a hearing for the plaintiffs' motion to supplement and for an evidentiary hearing on January 31, 2005.

At the hearing on the plaintiffs' motion, the trial court heard arguments from both sides but did not hear testimony or admit other evidence. Counsel for the plaintiffs briefly mentioned his motion to supplement the record and for an evidentiary hearing but spent the bulk of his time arguing a different motion, in which he asked the trial court to strike the affidavits filed by Washington Mutual in support of its motion to compel. In concluding his argument, counsel for the plaintiffs stated to the court, "I'm asking you to strike the affidavits of David Gonzalez and Fela Cavazos, which are in support of their motion to compel arbitration, and alternatively to allow the Plaintiffs to supplement the record with their affidavits and if—if the Court decides that it still wants to hear further evidence on this matter, then we're—we're prepared to put on evidence today."

In response, counsel for Washington Mutual argued that the affidavits challenged by the plaintiffs were perfectly admissible. He explained that the affidavits had been on file with the court for almost a year with no complaint from the plaintiffs. Counsel further explained that the only purpose the affidavits served was to prove that the plaintiffs signed the arbitration agreements, a fact which the plaintiffs conceded at the hearing on May 3, 2004, as well as in their brief in opposition to the motion to compel arbitration. According to counsel, even if the court were to strike the affidavits, Washington Mutual would be entitled to arbitration based on these admissions. Counsel then objected to the plaintiffs' motion to supplement the record and for an evidentiary hearing.

---

1. Carmen Gonzalez is not a party to this    mandamus proceeding.

The trial court advised the parties that it would review the motions and issue a ruling in the near future. It also stated, "If I need to hear any other additional testimony or evidence, I will ... advise both offices...." Without conducting an evidentiary hearing or requesting additional evidence, the trial court denied Washington Mutual's motion to compel on February 18, 2005. No ruling was issued on either the plaintiffs' motion to strike or its motion to supplement the record and for an evidentiary hearing. This original proceeding ensued.[2]

■■■ If a trial court erroneously denies a party's motion to compel arbitration under the FAA, the movant has no adequate remedy at law and is entitled to a writ of mandamus. *In re FirstMerit Bank, N.A.,* 52 S.W.3d 749, 753 (Tex.2001) (orig.proceeding). The trial court may summarily decide whether to compel arbitration on the basis of affidavits, pleadings, discovery, and stipulations; however, the trial court does not have discretion to determine disputed material facts without holding an evidentiary hearing. *See Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 269 (Tex.1992).

■■■ As discussed above, there was no dispute before the trial court regarding the existence of arbitration agreements, which, if enforceable, would invoke the FAA and cover the plaintiffs' claims. Once a party seeking to compel arbitration establishes that an agreement exists under the FAA and that the claims raised are within the agreement's scope, the trial court has no discretion but to compel arbitration and stay its proceedings pending arbitration. *Cantella & Co. v. Goodwin,* 924 S.W.2d 943, 944 (Tex.1996) (orig.pro-

ceeding) (per curiam). Under such circumstances, the trial court may deny a motion to compel arbitration only if it concludes that the party opposing arbitration carried its burden of proving a defense to arbitration. *See In re FirstMerit Bank, N.A.,* 52 S.W.3d at 756 ("[S]ince the law favors arbitration, the burden of proving a defense to arbitration is on the party opposing arbitration."). In this case, Washington Mutual established by its evidence and by the plaintiffs' admissions that multiple arbitration agreements existed under the FAA and that the plaintiffs' claims fell within the scope of the agreements. The burden thus shifted to the plaintiffs to prove a valid defense to arbitration. *See id.*

As noted above, the plaintiffs contended that the arbitration agreements were procedurally unconscionable, an issue which is reserved for judicial review. *See In re Oakwood Mobile Homes, Inc.,* 987 S.W.2d 571, 573 n. 3 (Tex.1999) (orig.proceeding). The plaintiffs also contended that the trial court needed to hold an evidentiary hearing to determine disputed fact issues related to their defense. The plaintiffs maintained throughout their motion to supplement and for an evidentiary hearing that, if the trial court supplemented the record with their affidavits, the affidavits would succeed only in raising issues of material fact, which would require the court to conduct an evidentiary hearing. The trial court never held such an evidentiary hearing and never admitted any of the plaintiffs' evidence. It therefore had no basis to sustain the plaintiffs' defense to arbitration. We are fully aware that Washington Mutual opposed the plaintiffs' motion to supplement the record and for an evidentiary hearing, but we do not view

---

**2.** This Court has requested a response from the plaintiffs, but to date, the plaintiffs have not filed any response to Washington Mutu-

al's petition for writ of mandamus. *See* Tex. R.App. P. 52.4.

such opposition as an invitation for the trial court to summarily resolve disputed issues of material fact without providing both sides a fair opportunity to present evidence. We certainly do not construe it as an invitation for the trial court to resolve issues of material fact without considering any evidence at all.

For these reasons, we conclude that the trial court abused its discretion by sustaining the plaintiffs' defense to Washington Mutual's motion to compel arbitration. Accordingly, this Court conditionally issues a writ of mandamus compelling the trial court to vacate its order denying Washington Mutual's motion to compel arbitration. The trial court is instructed to conduct an evidentiary hearing on any disputed issues of material fact related to the plaintiffs' defense to arbitration. The writ will issue only if the trial court refuses to vacate its order.

Dissenting Opinion by Justice ERRLINDA CASTILLO.

Dissenting Opinion by Justice CASTILLO.

In this original mandamus proceeding, relators request that we direct the trial court to vacate the order denying their motion to compel arbitration (1) on the merits or, alternatively, (2) on grounds that the trial court failed to convene an evidentiary hearing. Granting relief on relators' alternative ground, the majority concludes that the trial court abused its discretion (1) by sustaining a defense to arbitration (2) without holding an evidentiary hearing (3) to determine disputed issues of material fact. For the reasons that follow, I respectfully dissent.

### Mandamus Relief

Although the writ of mandamus is a discretionary remedy, its use is subject to certain conditions. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). We may issue writs of mandamus "agreeable to the principles of law regulating those writs." *See id.* (citing TEX. GOV'T.CODE ANN. § 22.221(b) (Vernon 2004)). Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Id.* (citing *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992)).[1] We, therefore, act in excess of our writ power when we grant mandamus relief absent these circumstances. *See Johnson*, 700 S.W.2d at 917 (citing *Ginsberg v. Fifth Court of Appeals*, 686 S.W.2d 105, 108 (Tex.1985)).

When the writ of mandamus is sought to correct a clear abuse of discretion by the trial court, the judicial function should be limited to an inquiry as to whether there was any controversy over the facts or conditions on which the judge acted or which he could properly consider. *Bush v. Vela*, 535 S.W.2d 803, 805 (Tex.Civ.App.-Corpus

---

1. A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). This standard, however, has different applications in different circumstances. *Id.* With respect to resolution of factual issues or matters committed to the trial court's discretion, for example, the reviewing court may not substitute its judgment for that of the trial court. *Id.* The relator must establish that the trial court could rea- sonably have reached only one decision. *Id.* at 840. On the other hand, review of a trial court's determination of the legal principles controlling its ruling is much less deferential. *Id.* A trial court has no "discretion" in deter- mining what the law is or applying the law to the facts. *Id.* Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordi- nary writ. *Id.*

Christi 1976, no writ) (citing *Maresca v. Marks*, 362 S.W.2d 299, 301 (Tex.1962)). If there is a reasonable doubt concerning the existence or nonexistence of facts or conditions on which the action was predicated, we are powerless to revise or disturb the action. *See id.* On the other hand, if the fact situation is such in which there is no room for the exercise of discretion, the action of the trial court is subject to control by mandamus. *Id.*

### The Record

The trial court convened two hearings on relators' motion to compel arbitration. During the first hearing on May 3, 2004, the trial court heard arguments of counsel on the merits and did not issue a ruling. Subsequently, real-parties-in-interest filed a motion to supplement the record and a motion for an evidentiary hearing, asserting, among other things, unconscionability.[2] Relators filed responses opposing both motions.[3] The trial court convened a second hearing on January 31, 2005, on both motions. At that hearing, relators argued that (1) the motion to compel was "fully heard" and "fully considered" at the first hearing held in May, (2) "everything was before the Court in May on this summary proceeding," and (3) the hearing was a "[s]ummary proceeding under the law." Stating that it would take the matter under advisement, the trial court pronounced, "If I need to hear any other additional testimony or evidence, I will let-advise both offices and you'll have a ruling in reference to this by Friday at 5:00 . . . ."

Neither party objected. Subsequently, the trial court denied the motion to compel arbitration by written order. This original proceeding ensued.

### Analysis

Declining to address relators' ground on the merits of the motion to compel arbitration, the majority concludes that the trial court abused its discretion because it sustained the real-parties-in-interest's defense to arbitration without providing an evidentiary hearing. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 269 (Tex.1992). The majority grants mandamus relief and orders "an evidentiary hearing on any disputed issues of material fact related to the defense" to arbitration real-parties-in-interest advanced. By its writ, the *majority* grants relief on relators' alternate ground before us-a ground they argued to the trial court was unnecessary, untimely, and unavailable to the real-parties-in-interest below. On this record, an evidentiary hearing that was argued as not mandatory to an arbitration opponent below has become mandatory to an arbitration proponent by virtue of mandamus relief.

Respectfully, I would hold that, by its ruling, the trial court implicitly agreed with relators that it need not hear additional testimony or evidence. Thus, by its ruling, the trial court implicitly agreed with relators that an evidentiary hearing was unnecessary and proceeded to rule on the merits of relators' motion to compel arbitration. The trial court denied the

---

**2.** On the day of the hearing, the real-parties-in-interest filed a motion to strike the affidavits attached to relators' motion to compel based, in part, on grounds that the affidavits were "not based on personal knowledge," were conclusory and self-serving and, thus, not competent evidence to support the motion to compel. Relators countered that the "affidavits have been on file for almost a year."

**3.** Relators asserted in their response that, even if the trial court accepted the affidavits filed in support of the motion filed by the real-parties-in-interest attesting to unconscionability, the motion to compel should be granted as "a matter of law."

motion but, implicitly, granted relators' motion to proceed "as a matter of law." [4]

Respectfully, I would honor the basic tenets that require (1) a party to present a complaint to the trial court first before seeking appellate relief, *see e.g.* TEX.R.APP. P. 33.1, and (2) that the grounds for relief before the appellate court comport to the complaint raised to the trial court. *See id.* Because the majority expressly grants relief on relators' alternative grounds not requested below, respectfully, I conclude we are powerless to grant mandamus relief. *Bush,* 535 S.W.2d at 805. Because I conclude we are powerless to grant relief on grounds not expressly requested first to the trial court, I respectfully dissent.

---

4. In short, the trial court could have concluded that, among other things, the relators' motion and evidence were insufficient as a matter of law to prove that the FAA applied or that the claims fell within the scope of the agreements. *See Jack B. Anglin Co.,* 842 S.W.2d at 269; *Prudential Sec. v. Banales,* 860 S.W.2d 594, 597 (Tex.App.-Corpus Christi 1993, no writ) (orig.proceeding) (requiring summary disposition on the merits after finding that the opposing party's failure to follow the first step of presenting proper controverting evidence denies him the right to proceed to the second step of an evidentiary hearing). If so, then the trial court could have concluded that relators failed in their burden and, thus, the burden, if any, never shifted to the real-parties-in-interest. *See id.* Without deciding the merits of the motion to compel, however, I conclude that a summary proceeding under those circumstances was proper. The record, however, does not establish the grounds on which the trial court denied arbitration.