**Affirmed and Majority and Dissenting Opinions filed August 26, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00820-CV

---

## THE BRANCH LAW FIRM L.L.P AND TURNER W. BRANCH, Appellants

### V.

## WILLIAM SHANE OSBORN, Appellee

---

**On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 2012-34395**

---

## D I S S E N T I N G   O P I N I O N

I believe the claims asserted by William Shane Osborn fall within the scope of a valid arbitration agreement. Therefore, I respectfully dissent.

### I. BACKGROUND

Osborn began working as an associate for the Branch Law Firm, L.L.P. in 2010. He was terminated two years later. He filed suit against the Branch Law Firm alleging various causes of action, including breach of an October 2011

memorandum, and seeking bonuses to which he claimed to be entitled, including a percentage of the total fees collected from the Plaintiff Steering Committee in the Avandia multidistrict litigation.

During discovery, Osborn filed a motion to compel the Branch Law Firm to provide the amount of attorneys' fees in cases on which Osborn worked, including the Avandia litigation. The fees in that litigation were governed by the confidential terms of a Master Settlement Agreement (MSA) between the Branch Law Firm and GlaxoSmithKline.

The Branch Law Firm moved to compel arbitration based on a provision in the MSA:[1]

> *Any* challenges to or disputes arising out of or relating to an alleged violation of this Agreement, including . . . *disputes between or among* Participating Law Firms [which included the Branch Law Firm as the Lead Participating Law Firm] *and/or members* of Participating Law Firms arising out of *or in connection with* this Agreement, shall be referred for binding determination to Judicial Arbitration Mediation Services ("JAMS"). . . .

(Emphasis added). The MSA defined "Participating Law Firm" as " . . . including all attorney members of or affiliated with each firm . . . ."

The trial court denied the motion to compel arbitration. I disagree.

## II. ANALYSIS

In order to enforce an arbitration agreement, a party must establish a valid arbitration agreement exists and the dispute falls within the scope of the agreement. *See In re Rubiola,* 334 S.W.3d 220, 223 (Tex. 2011) (orig. proceeding); *In re Prudential Securities, Inc.*, 159 S.W.3d 279, 282 (Tex. App.—Houston [14th Dist.]

---

[1] Osborn does not dispute this provision is part of the MSA. Rather, his complaint is the entirety of the MSA was not provided.

2

2005, orig. proceeding).  If a valid arbitration agreement exists, a court should not deny arbitration "unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue." *See In re Prudential Securities, Inc.*, 159 S.W.3d at 283 (citing *Neal v. Hardee's Food Sys., Inc.*, 918 F.2d 34, 37 (5th Cir. 1990)); *see also Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex. 1995); *Satya, Inc. v. Mehta*, No. 14-12-00965-CV, 2013 WL 4028367, at *3 (Tex. App.—Houston [14th Dist.] Aug. 8, 2013, no pet.) (mem. op.).  There is a strong presumption in favor of arbitration; the party opposing arbitration bears the burden of raising an affirmative defense to its enforcement.  *See J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003).

Here, the Branch Law Firm sought to compel arbitration pursuant to the provision in the MSA governing the Avandia litigation.  The provision contemplates arbitration of "disputes between or among . . . members of Participating Law Firms . . . ."  Osborn attempted to defeat arbitration by asserting there was no valid arbitration agreement because only certain pages of the MSA were before the trial court.  Further, he argued that his claims arose solely from a dispute implicating the October 2011 memorandum, not arising from the MSA; however, at all times he maintained he cannot pursue his claim for damages without reference to the MSA.

To determine whether Osborn's claims fall within the scope of that arbitration clause, the focus must be on the factual allegations in his petition.  *See In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 754 (Tex. 2001) (orig. proceeding). Osborn seeks to recover a percentage of attorney's fees in cases on which he had worked.  One of those cases is the Avandia litigation, settled pursuant to the MSA. Thus, at least a portion of the recovery Osborn seeks is "factually intertwined"

3

with arbitrable claims or "otherwise touches upon the subject matter of the agreement containing the arbitration provision." *See In re Prudential Securities, Inc.*, 159 S.W.3d at 283. As a result, his claims fall within the scope of the arbitration agreement and they may not be decided without reference to the MSA. They must be determined in arbitration. *See Enterprise Field Services, LLC v. TOC-Rocky Mountain, Inc.*, 405 S.W.3d 767, 773 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (citing *In re BP America Prod. Co.*, 97 S.W.2d 366, 370–71 (Tex. App.—Houston [14th Dist.] 2003, no pet.)). Only when "the facts alleged in support of the claim stand alone, are completely independent of the contract, and the claim could be maintained without reference to the contract, the claim is not subject to arbitration." *See AutoNation USA Corp. v. Leroy*, 105 S.W.3d 190, 196 (Tex.App.—Houston [14th Dist.] 2003, no pet.).

Here, Osborn seeks to recover attorneys' fees arising out of work for the Branch Law Firm, including the Avandia litigation, urging that the settlement figures associated with the settlement are an integral part to his claim for damages, without which he cannot support his claim. As a result, he cannot seek relief "without reference to" the MSA. Therefore, he cannot refuse to abide by the terms of the MSA requiring arbitration for "any" dispute "between or among" members of the "Participating Law Firms," which included "attorney members of or affiliated with each firm," including the Branch Law Firm. *See Id.; see also Meyer v. WMCO-GP*, 211 S.W.3d 302, 307–08 (Tex. 2006) ("When a party's right to recover and its damages are dependent on the agreement containing the arbitration provision, the party is relying on the agreement for its claims."); *In re Prudential Securities, Inc.*, 159 S.W.3d at 284. As a result, I conclude the trial court had before it the provisions of the MSA from which it should have granted the Branch Law Firm's motion to compel arbitration.

Under these circumstances, the trial court abused its discretion in refusing to compel arbitration.  I respectfully dissent.


/s/          John Donovan
             Justice

Panel consists of Chief Justice Frost and Justices Donovan and Brown.  (Brown, J., Majority)